IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| **AMERICAN INTERSTATE<br>  INSURANCE COMPANY**<br>2301 Hwy 190 West<br>DeRidder, LA  70634<br><br>Plaintiff<br><br>Vs.<br><br>**BEAUTIFUL COUNTRY<br>  LANDSCAPE, LLC**<br>5300 Riggs Road, Suite G<br>Gaithersburg, MD 20882<br><br><u>**Serve the Resident Agent**</u>:<br>Maynor Estuardo Diaz<br>7687 Laytonia Drive<br>Gaithersburg, MD 20877<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO.<br><br>_____ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

American Interstate Insurance Company ("AIIC") by its attorney, Joel C. Richmond, files this complaint against the Defendant, Beautiful Country Landscape, LLC ("BCL"), and represents as follows:

### I.   INTRODUCTION

1. This action arises from Defendant's failure to pay Plaintiff unpaid workers' compensation insurance premiums arising under the policies provided by Plaintiff to the Defendant, an employer, for the years March, 2019 through March, 2022.  As such, this is a

breach of contract action arising from the aforesaid policies and audits performed by Plaintiff as agreed to by the parties pursuant to the terms and conditions of the insurance policies.

## II. JURISDICTION

2. This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is between citizens of different states.

## III. PARTIES

3. Plaintiff AIIC is a Nebraska domiciled property and casualty insurer licensed to conduct the business of insurance in the State of Maryland, including workers' compensation and employers' liability insurance.

4. Defendant BCL was a policyholder. It is a Maryland corporation with its principal offices located in Gaithersburg, Maryland in the business of providing landscaping, lawn and garden services to its clients.

## IV. STATEMENT OF FACTS

5. As set forth above, Plaintiff provided workers' compensation insurance to the Defendant at the Defendant's request for the years March 2019 through March 2022.

6. In accordance with the terms of the respective policies, specifically, Part Five-Premium at paragraph G-Audit, Defendant BCL agreed to permit AIIC to examine and audit all of BCL's records relating to the respective policy.

7. The audits of the records relating to these policies were conducted timely and for the purpose of developing information to be used to determine the final premium and to be certain that premium calculations were in line with the workers' compensation rating system used in Maryland.

8. On June 9, 2021 Plaintiff's auditor performed the audit of the policy in force for the year of March 18, 2019 through March 18, 2020. After all credits and payments were applied, the auditor determined that additional premiums were due in the amount of $4,172.00 for workers identified as 1099 employees who were not listed on BCL's payroll for that policy period. However, in accordance with applicable manuals and Maryland law, 1099 employees are considered covered employees. The employees not listed on payroll for workers' compensation purposes were outside sales employees, office-clerical workers and employees who did tree pruning, tree trimming and spraying. A copy of the workers' compensation final audit for this policy period is attached hereto and incorporated by reference as **Exhibit A**.

9. Likewise, on March 3, 2022, Plaintiff's auditor performed the audit of the policy in force for the year of March 18, 2020 through March 18, 2021. After all credits and payments were applied the auditor determined that additional premiums were due in the amount of $24,240.00 for workers identified as 1099 employees who also were not listed on BCL's payroll for that policy period. As noted above, in accordance with applicable manuals and Maryland law, 1099 employees are considered covered employees. The employees not listed on payroll for workers' compensation purposes were clerical office employees, outside salespersons and workers who did tree pruning, spraying, repairing and driving. A copy of the workers' compensation final audit for the policy period of March 18, 2020 through March 18, 2021 is attached hereto and incorporated by reference as **Exhibit B**.

10. On the same date, March 3, 2022, the auditor performed one last audit relating to the policy in force for the year of March 18, 2021 through March 18, 2022. After taking into account any and all credits and payments, the auditor determined that additional premiums were due in the amount of $153,502.66 for workers identified as 1099 employees who were not listed

on BCL's payroll for that policy period. However, pursuant to applicable manuals and Maryland law, 1099 employees are considered covered employees. The employees not listed on payroll for workers' compensation purposes were primarily classified as doing tree pruning, spraying, repairing and trimming on behalf of the Defendant as well as clerical office employees. A copy of the workers' compensation final audit for the policy period of March 18, 2021 through March 18, 2022 is attached hereto and incorporated by reference as **Exhibit C**.

11. In addition to the amounts due as a result of the audits described above, BCL failed to pay a premium installment in the amount of $11,628.67 plus a miscellaneous charge of $12.13. When added to the unpaid audited amount, a balance is due and owing AIIC by BCL in the amount of $193,555.80. See account statement attached hereto and incorporated by reference as **Exhibit D**. Although several demands were made on the Defendant for payment it has failed and/or refused to pay.

## COUNT I
### (Breach of Contract)

12. Plaintiff incorporates and realleges paragraphs 1 through 11 of the complaint as if fully set forth herein.

13. Defendant BCL entered into contracts of insurance with Plaintiff and accepted and benefited by the workers' compensation insurance coverage placed with Plaintiff to promptly pay when due all premiums required of Defendant by the workers' compensation law. Premiums are based on certain business or work classifications and for each work classification the premium is determined by multiplying a rate times a premium basis. The premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of Defendant's officers and employees engaged in work covered by the respective

policies and all other persons engaged in work that could make Plaintiff liable under the workers' compensation insurance laws of Maryland and the terms of the policies.

14. Once the audits for the years March 18, 2019 through March 18, 2022 were completed, demand was made on the Defendant for payment but the Defendant has failed and/or refused to pay the amounts due and owing represented by the audits described above as well as an unpaid installment when they became due. BCL's failure to pay the amounts requested constitutes a material breach of the insurance contracts which they entered into.

15. As a direct and proximate result of the Defendant's breach of its agreements with Plaintiff, AIIC has suffered and will continue to suffer damages in an amount to be proven at trial after all credits have been applied but not less than $193,555.80 plus accrued interest going forward.

WHEREFORE, American Interstate Insurance Company, Plaintiff, demands judgment against the Defendant, Beautiful Country Landscape, LLC, in the amount of $193,555.80 plus interest and court costs of this suit.

                                                     _____
                                                   Joel C. Richmond (Federal Bar No. 02352)
                                                   31 Light Street, Suite 420
                                                   Baltimore, Maryland 21202
                                                   410.685.2225
                                                   410.659.5370
                                                   jcrjuris@aol.com

                                                   Attorney for Plaintiff